TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
JOSHUA J. WES SBN 238541
joshua.wes@tuckerellis.com
LAUREN H. BRAGIN SBN 286414
lauren.bragin@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

BUTLER, SNOW LLP
TREY BOURN III (admitted *pro hac vice*)
trey.bourn@butlersnow.com
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone: 601.985.4591
Facsimile: 601.985.4500

Attorneys for Defendant
ETHICON, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LAURA GHARIBYAN, | Case No. 2:13-CV-8275-FMO (Ex) |
| Plaintiff, | **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER** |
| v. | The Honorable Fernando M. Olguin |
| ETHICON, INC.; and DOES 1 to 100, inclusive, | The Honorable Charles F. Eick, Magistrate |
| Defendants. | Complaint Filed: November 13, 2013 |

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

---

CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

961494.1

1. **Confidential Information**

A party may designate as "CONFIDENTIAL" any material the producing party believes in good faith constitutes or discloses information that qualifies for protection because it contains trade secret information or other confidential research, development, or commercial information, and materials that are deemed confidential under Federal Drug Administration ("FDA") regulations and Health Insurance Portability and Accountability Act ("HIPPA") statutes and/or regulations.  Confidential information may be further designated as "HIGHLY CONFIDENTIAL" if a Defendant produced materials that it believes in good faith would, if disclosed, cause substantial economic harm to the competitive position of the entity from which the information was obtained because it is HIGHLY CONFIDENTIAL research and development material on a new product that has not been approved or cleared by the FDA or similar regulatory body or reflects a party's price competiveness in the market or marketing business strategies of a party concerning a current or new product.  The plaintiff(s) will inform the producing party of its intent to disclose HIGHLY CONFIDENTIAL information to any individual who is currently, or who at any time during the pendency of this litigation becomes, a consultant to a competitor of the producing party in the pelvic organ mesh or hernia mesh business, or is a consultant to any entity actively investigating entering such businesses, and plaintiff(s) will follow the procedures for disclosure of such materials in accordance with the terms set forth in this Protective Order.

2. **Qualified Persons** "Qualified Persons" means:

    a.    For "Highly Confidential" information:

        i.    retained counsel for the parties in this litigation and their respective staff;

        ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any

2
CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

961494.1

        disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.  this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

  b.  For Confidential information:

    i.  the persons identified in subparagraph 2(a);

    ii.  the party, if a natural person;

    iii.  if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.  litigation vendors, court reporters, and other litigation support personnel;

    v.  any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

  c.  Such other person as this court may designate after notice and an opportunity to be heard.

### 3. Designation Criteria

  a.  *Confidential Information.* Confidential Information shall not include information that either:

    i.  is in the public domain at the time of disclosure, as evidenced by a

CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

961494.1

written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. *Confidential Information.* A party shall designate as Confidential Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c. *Highly Confidential.* The designation "Highly Confidential" shall be reserved for confidential information that a Defendant believes in good faith would, if disclosed, cause substantial economic harm to the competitive position of the entity from which the information was obtained because it is HIGHLY CONFIDENTIAL research and development material on a new product that has not been approved or cleared by the

FDA or similar regulatory body or reflects a party's price competiveness in the market or marketing business strategies of a party concerning a current or new product.

### 4.  Use of Confidential Information

All Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5.  Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the document is "Confidential", or "Highly Confidential". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. Confidentiality designations shall apply at the document level, rather than the page level.

### 6.  Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as "Highly Confidential"

for a period of 30 days after initial receipt of the transcript.

Upon receipt of the confidential designations, the Court reporter shall indicate on a separate page at the beginning of the transcript by page and line number the portions of the transcript that have been designated as confidential pursuant to this Paragraph, and also shall highlight within the transcript the pages and lines that have been designated as confidential, with a key to clearly denote those pages and lines that have been designated as confidential.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

7. **Disclosure to Qualified Persons**

a.   *To Whom.* Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; *provided, however*, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as Highly Confidential shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.   *Retention of Copies During this Litigation.* Copies of Highly Confidential information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential

Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

  c. Each party's outside counsel shall maintain a log of all copies of Highly Confidential documents that are delivered to Qualified Persons.

**8. Inadvertent or Mistaken Disclosure of Privileged Documents. "Clawback" Procedure:**

Inadvertent or mistaken production of documents or electronically stored information ("ESI") (collectively "Inadvertently or Mistakenly Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the producing party shall notify the receiving party in writing as set forth herein. In the event that a party inadvertently or mistakenly produces documents or ESI subject to a claim of privilege, the producing party shall, within ten (10) days of the discovery of the inadvertent or mistaken disclosure, notify the other party in writing of the inadvertent disclosure. The producing party may, in the notice, request a "clawback" of the inadvertently or mistakenly disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently or Mistakenly Produced Documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently or Mistakenly Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be

made of such Inadvertently or Mistakenly Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

There is no waiver of privilege or work product protection in this matter or any other matter in any other jurisdiction for any document clawed-back under this clause, or for the subject matter of any such document, whether the privileged document was inadvertently or mistakenly provided following review or as part of a "Quick Peek" production. In the event that any party receives information produced in discovery from any other party that reasonably appears to be Inadvertently or Mistakenly Produced Documents, the receiving party shall promptly notify the producing party in writing of the apparent inadvertent production.

### 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Highly Confidential during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked prominently "Confidential", or "Highly Confidential" by the producing party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

### 11. Challenging the Designation

a. *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.

In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information. In compliance with L.R. 37-1, the objecting party and the party which designated the documents which objection has been made shall have ten (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. The designating party shall then have thirty (30) days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information, unless the parties otherwise agree or extend the time for filing a motion.

   b.   *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who intends to designate such Qualified Person or disclosure particular Confidential Information to such person. In compliance with L.R. 37-1, the objecting party and the party who intends to designate such Qualified Person or disclosure particular Confidential Information to such person shall have ten (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If the dispute cannot be resolved, the objecting party shall have thirty (30) days from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, thirty (30) days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to

1 particular Confidential Information. The objecting person shall have the burden of
2 demonstrating that disclosure to the disputed person would expose the objecting party to
3 the risk of serious harm. Upon the timely filing of such a motion, no disclosure of
4 Confidential Information shall be made to the disputed person unless and until the court
5 enters an order preserving the designation.
6     c.     Local Rules 37-1 and 37-2. Any motion brought pursuant to paragraph
7 11(a) or 11(b) shall be made in strict compliance with Local Rules 37-1 and 37-2,
8 including but not limited to the Joint Stipulation Requirement of Local Rule 37-2.
9     **12.**    **Manner of Use in Proceedings**
10     In the event a party wishes to use any Confidential Information in affidavits,
11 declarations, briefs, memoranda of law, or other papers filed in this litigation, the party
12 shall do one of the following: (1) with the consent of the producing party, file only a
13 redacted copy of the information; (2) where appropriate (e.g., in connection with
14 discovery and evidentiary motions) provide the information solely for *in camera* review;
15 or (3) file such information under seal with the court consistent with the sealing
16 requirements of the court.
17     **13.**    **Redaction of Confidential Material:**
18     The parties recognize that certain FDA, other governmental agencies, and certain
19 federal statutes require redaction of certain information prior to production of certain
20 information by Defendants and that Defendants will comply with those requirements and
21 redact such information as directed.
22     **14.**    **Filing Under Seal**
23     The clerk of this court is directed to maintain under seal all documents, transcripts
24 of deposition testimony, answers to interrogatories, admissions, and other papers filed
25 under seal in this litigation that have been designated, in whole or in part, as Confidential
26 Information by any party to this litigation consistent with the sealing requirements of the
27 court.
28

### 15. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Information.

### 16. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 17. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 18. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to

11
CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

961494.1

reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**19. Waiver**

Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**20. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

DATED: February 6, 2014                LAW OFFICES OF RICHARD M. FOSTER

By: /s/ Richard M. Foster
Richard M. Foster
Angela Berberyan
Attorneys for Plaintiff LAURA GHARIBYAN

DATED: February 6, 2014                TUCKER ELLIS LLP
BUTLER SNOW LLP

By: /s/ Joshua J. Wes
Mollie F. Benedict
Joshua J. Wes
Trey Bourn III (admitted *pro hac vice*)
Attorneys for Defendant ETHICON, INC.

**IT IS SO ORDERED.**

Dated: 2/7/14

United States Magistrate Judge

12
CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER

961494.1